UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEANDRO JAQUEZ,                                                          **COMPLAINT**

                                                                                                      **JURY TRIAL DEMANDED**
                                           Plaintiff,

              -against-

POLICE OFFICER SEAN W. MANDEL SHIELD #22983,
POLICE OFFICER JOHN A. MAGEE SHIELD #22571,
POLICE OFFICER JUAN C. MEDINA SHIELD #5138,
AND UNIDENTIFIED POLICE OFFICERS, all sued in their
capacity as individuals
                                               Defendants.
------------------------------------------------------------------------ X

        Plaintiff Leandro Jaquez, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the plaintiff alleges federal causes of action pursuant to 42 USC § 1983, via violation of his Fourth Amendment rights as made applicable to the states via the Fourteenth Amendment.

2. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) as the Southern District is where the actions giving rise to this litigation occurred.

### THE PARTIES

3. The plaintiff, Leandro Jaquez, is an Hispanic adult and he resides in Bronx County in the City and State of New York.

4. The defendants, Police Officer Sean W. Mandel Shield #22983, Police Officer John A. Magee Shield #22571, Police Officer Juan C. Medina Shield #5138, and Unidentified

Police Officers, were at all times relevant, members of the New York City Police Department (NYPD) from the 46th precinct and are sued herein in their capacity as individuals and as state actors acting under of the color of law.

## The Nature of the Case

5. This action arises due to the deprivation of plaintiff's constitutional rights by the defendants, who subjected plaintiff to violations of his Fourth Amendment rights via the use of excessive, unreasonable and unnecessary force by beating the plaintiff as well as the additional use of excessive force via excessively tightened cuffs when despite being put on notice of such handcuffs being overly tightened, the defendants refused to loosen.

6. As the defendants at all times relevant were on duty as New York City police officers they were at all times relevant state actors acting under color of state law.

## FACTS UNDERLYING
## PLAINTIFFS' CLAIMS FOR RELIEF

7. On August 28, 2023 at approximately 11:00 pm, the mother of plaintiff's children called 911 as the plaintiff, Leandro Jaquez, was having a non violent emotional problem.

8. No ambulance reported to the plaintiff's apartment however the defendant officers did present to the apartment located on the 5th floor of the walkup apartment building in the Bronx.

9. The defendants brought plaintiff outside of the apartment and placed him in handcuffs and the plaintiff offered no resistance to being placed in handcuffs.

10. As the plaintiff was escorted by the defendants in walking down the stairs to exit the building, plaintiff complained repeatedly about the handcuffs being overly tight, a situation the defendants were aware of and refused to correct.

11. Defendants once downstairs from the apartment, apparently angry about the plaintiff complaining, punched the plaintiff in the nose, breaking his nose and he went to the ground.

12. Once on the ground the defendants were repeatedly hitting the plaintiff.

13. The defendants hit the plaintiff with their fists in the face and on various locations of his body.

14. Plaintiff was knocked unconscious and incurred several injuries.

15. Once the defendants stopped beating the plaintiff he was in a sitting position and the defendants repeatedly slapped him in the face, apparently to see if they could wake him up after they caused him to become unconscious.





16. Plaintiff was brought by ambulance to the hospital with a preliminary diagnosis of a broken nose, and for which he is shortly going to undergo surgery to address this injury caused solely by the defendants' misconduct.

17. Plaintiff suffered bruises and lacerations to various parts of his body due to the beating defendants inflicted on him, including but not limited to on his nose, above and anterior to his left eyebrow, on his knees, on his shoulder and on his wrists due to the overly tightened handcuffs.

18. Plaintiff has had numerous medical visits due to the injuries inflicted on him by the defendants, and he faces more treatment due to the ongoing nature of his injuries.

19. Plaintiff's medical issues to his wrists continue to the present day and his course of treatment, i.e., whether or not he will need surgery to correct the problem with his wrists, has as of yet to being determined by his doctors.

20. There was no reason to use any force on the plaintiff much less the brutal force used

against a man offering no resistance to being placed in handcuffs and who, when he was abused, was on the ground in handcuffs.

21. Plaintiff has serious injuries, he and off is forced to use a cane due to the injuried to both knees which persist to the present day, he lost time at work and he was physically and emotionally harmed by the gratuitous beating inflicted on him by the defendants.

22. Plaintiff was not charged with a crime.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C.§ 1983 AND THE FOURTH AMENDMENT
VIA THE USE OF EXCESSIVE
AND UNREASONABLE FORCE**

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

24. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants.

25. Plaintiff was punched in the nose causing him to be knocked to the ground, without legal justification, causing him to become unconscious.

26. Plaintiff was repeatedly beaten while on the ground in handcuffs.

27. Plaintiff was subjected to overly tightened handcuffs which the defendants refused to loosen in spite of plaintiff's requests for them to do so, and while he was explaining repeatedly that he was in pain.

28. Due to the defendants' actions plaintiff has been to the hospital, to various healthcare

providers on several occasions, he faces at least one if not two surgeries and his injuries are serious, long term and were entirely derived from the defendants' misconduct.

29. By reason of the unlawful use of excessive, unreasonable force, the plaintiff was harmed physically, he suffered and continues to suffer physical pain, he was emotionally harmed by the misconduct of those entrusted with helping him in his time of need, he missed time from work and he was otherwise harmed.

30. By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C.§1988.

**AS AND FOR A SECOND CAUSE OF ACTION BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA FAILURE TO INTERVENE TO PREVENT THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the individual defendants had a reasonable opportunity to intervene to prevent the various uses of unnecessary and excessive force used against the plaintiff, which was ongoing for a sufficient length of time to allow them to intervene, and such use of force was committed in their presence, and they failed to intervene, causing and allowing plaintiff to be injured further.

33. The excessive force to which the plaintiff was subjected and which the defendants failed to intervene to prevent was effected by the defendants without authority of law and without necessity to use any force, much less the excessive, unreasonable force they employed and the force employed was without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

34. Plaintiff was repeatedly beaten while on the ground in handcuffs which none of the defendants intervened to prevent from continuing.

35. Plaintiff was subjected to overly tightened handcuffs which the defendants refused to loosen in spite of plaintiff's requests for them to do so, and while he was explaining repeatedly that he was in pain and which none of the officer present intervened to prevent from continuing.

36. Due to the defendants' actions plaintiff has been to the hospital, to various healthcare providers on several occasions, he faces at least one if not two surgeries and his injuries are serious, long term and were entirely derived from the defendants' misconduct.

37. By reason of the unlawful use of excessive, unreasonable force, the plaintiff was harmed physically, he suffered and continues to suffer physical pain, he was emotionally harmed by the misconduct of those entrusted with helping him in his time of need, he missed time from work and he was otherwise harmed.

38. By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C.§1988.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff's rights under the United States Constitution were violated;

(B) Compensatory damages to the plaintiff in the amount of **ONE MILLION**, ($1,000,000.00) **DOLLARS**;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, plaintiff is entitled to an award of punitive damages to be determined by the trier of fact;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: October 23, 2023
      New York, New York

                                                     /s/
                                        Fred Lichtmacher
                                        The Law Office of Fred Lichtmacher P.C.
                                        *Attorney for Plaintiff*
                                        116 West 23rd Street Suite 500
                                        New York, New York 10011
                                        (212) 922-9066

To:    POLICE OFFICER SEAN W. MANDEL SHIELD #22983,
        POLICE OFFICER JOHN A. MAGEE SHIELD #22571,
        POLICE OFFICER JUAN C. MEDINA SHIELD #5138
        all of the 46th precinct
        2120 Ryer Avenue
        Bronx , New York , 10457